UNITED STATES BANKRUPTCY COURT　　　　　　　**NOT FOR PUBLICATION**
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:　　　　　　　　　　　　　　　　　　　　　Chapter 11

ACTRADE FINANCIAL TECHNOLOGIES　　　　　　Case Nos. 02-16212 (ALG)
LTD., et al.,　　　　　　　　　　　　　　　　　　and 02-16213 (ALG)
　　　　　　　　　　　　　　　　　　　　　　　(Jointly Administered)

　　　　　　　　　　　　　　Debtors.

------------------------------------------------------------x
ACTRADE LIQUIDATION TRUST, as
Successor in Interest to ACTRADE CAPITAL
INC.,
　　　　　　　　　　　Plaintiff,

　　　　　- against -　　　　　　　　　　　　　Adv. No. 05-03657 (ALG)

HLC INDUSTRIES, INC. and
EMANUEL LANDAU,

　　　　　　　　　　　Defendants.
------------------------------------------------------------x

## MEMORANDUM OF OPINION AND ORDER

A P P E A R A N C E S:

SALISBURY & RYAN LLP
Attorneys for Plaintiff
　　By:　Patrick P. Salisbury, Esq.
　　　　　George B. Schwab, Esq.
1325 Avenue of the Americas
Suite 704
New York, NY 10019

WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP
Attorneys for Defendants
　　By:　Michael L. Temin, Esq.
　　　　　Heather L Allred, Esq.
1650 Arch Avenue
Philadelphia, PA 19103

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a motion by the plaintiff, Actrade Liquidation Trust (the "Plaintiff" or the "Liquidation Trust") to strike the jury demand of the defendant, HLC Industries, Inc. (the "Defendant" or "HLC"), pursuant to Fed. R. Civ. P. 39(a)(2). The Plaintiff also moves to dismiss the claims against defendant Landau without prejudice. Defendants argue that the corporate defendant has a right to a jury trial in all events, and that if Landau is dismissed as a defendant, the dismissal should be with prejudice.

Most of the facts relevant to the instant motion are set forth in the opinion of this Court, dated February 5, 2007, denying HLC's motion for summary judgment in the above-referenced adversary proceeding, except with respect to Count 4 of the Complaint. *See Actrade Liquidation Trust v. HLC Indus., Inc.*, 2007 Bankr. Lexis 417 (Bankr. S.D.N.Y. Feb. 5, 2007).

<u>Jury Trial</u>

Fed. R. Civ. P. 39(a)(2), made applicable here by Bankruptcy Rule 9015(a), states, in part: "The trial of all issues so demanded shall be by jury, unless . . . the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." There is no question in this case that the contract and tort claims remaining to be tried are *prima facie* triable by a jury. The question is one of waiver by Defendant HLC. Three different versions of a Supplier Agreement containing a jury waiver are attached to the Plaintiff's motion to strike, and the parties disagree on which version is binding. However, each

2

05-03657-alg    Doc 53    Filed 06/20/07    Entered 06/20/07 11:09:15    Main Document
Pg 3 of 8

version of the Supplier Agreement contains identical language waiving the right to a jury trial in the event of a dispute, as follows: "You [HLC] also waive your right to a trial by jury of any disputes arising from your relationship with Actrade." Landau as President of HLC executed each version of the Supplier Agreement, and there is no question as to his authority to bind the corporation.

"The parties to a contract may, by prior written agreement entered into knowingly and voluntarily, waive the right to a jury trial." *Morgan Guar. Trust Co. v. Crane*, 36 F. Supp. 2d 602, 603 (S.D.N.Y. 1999), citing *Herman Miller v. Thom Rock Realty Co.*, 46 F.3d 183, 189 (2d Cir. 1995). While such provisions are narrowly construed, they are also commonly enforced. The factors that courts usually consider when determining whether a contractual waiver of a jury trial was entered into knowingly and voluntarily include: "1) the negotiability of the contract terms and negotiations between the parties concerning the waiver provision; 2) the conspicuousness of the waiver provision in the contract; 3) the relative bargaining power of the parties; and 4) the business acumen of the party opposing the waiver." *Morgan Guar.*, 36 F. Supp.2d at 604, citing *Sullivan v. Ajax Navigation Corp.*, 881 F. Supp 906, 911 (S.D.N.Y. 1991).

The Defendant does not raise any issue regarding these factors but makes three other arguments against enforcement of the jury waiver. First, HLC argues that even if the waiver relates to the contract claims in the Complaint, the waiver is not broad enough to cover the remaining tort causes of action. HLC specifically cites the second cause of action (tortious interference with contract) and the fifth cause of action (conspiracy to defraud) and argues that both are not based exclusively on the contract between the parties. A jury waiver in a contract, however, may be broad enough to encompass related

3

tort claims. The jury waiver in the Supplier Agreement is extremely broad and includes any dispute "arising from" the "relationship" between Actrade and HLC. While the remaining causes of action in the Complaint may involve proof of relationships with third parties, it cannot be disputed that these causes of action would not exist were it not for the relationship between Actrade and HLC. Broad waivers have been construed to include tort claims as well as contract claims, and the jury waiver contained in the Supplier Agreement is broad enough to cover all of the remaining claims in the Complaint. *See Nat'l Westminster Bank v. Ross*, 130 B.R. 656, 667 (S.D.N.Y. 1991), *aff'd*, 962 F.2d 1 (2d Cir. 1992); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993); *Brown v. Cushman & Wakefield, Inc.*, 235 F. Supp. 2d. 291, 294 (S.D.N.Y. 2002); *Schappert v. Bedford, Freeman & Worth Pub. Group, LLC*, 2004 U.S. Dist. Lexis 14153, *30-*31 (S.D.N.Y. July 23, 2004).

Next, the Defendant argues that there is no evidence that Actrade signed the Supplier Agreement and that the jury waiver cannot be enforced without the existence of a proven bilateral agreement. The issue, however, is one of waiver, and a bilateral agreement is not necessary in order for a valid waiver to exist. "Waiver is unilateral in character, and one party acting alone who abandons his or her rights is sufficient to create waiver." 28 Am. Jur. 2d *Estoppel and Waiver* § 197 (2006), citing *In re Peachtree Lane Assoc. Ltd.*, 206 B.R. 913, 933 (N.D. Ill. 1997), *aff'd*, 150 F.3d 788 (7th Cir. 1998); *see also Edwards v. Kia Motors of America, Inc.*, 2007 U.S. Appl. Lexis 11555, *7, n.6 (11th Cir. May 17, 2007). It has further been held that a party is capable of waiving its rights to a jury trial by virtue of individual conduct. *See Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989).

4

Moreover, there is no question that HLC signed the contract. "If either party to the contract has signed an otherwise sufficient memorandum, it is enforceable against the signer as the party to be charged, even though no memorandum has been signed by the other party for whose benefit it is being enforced. This is reasonable and leads to no injustice. The terms of the contract have been properly authenticated by the defendant, and the plaintiff cannot enforce the contract without making its own obligation enforceable." 4 *Corbin on Contracts* § 23.5 (2006); *see also Kaplan v. Lippman*, 75 N.Y.2d 320, 325, 552 N.E.2d 151, 153, 522 N.Y.S.2d 903, 905 (1990). For purposes of this motion, it is sufficient that Landau signed the contract on behalf of HLC, that HLC performed under the contract for years, and that Actrade also performed under the contract and now seeks to enforce the contract through these proceedings. "The failure of one party to sign a contract does not mean it is not bound by the agreement when 'the parties otherwise played out their parts under the contract.'" *Nat'l Union Fire Ins. Co. v. Hubl*, 1988 U.S. Dist. Lexis 11789, at *6-*7 (S.D.N.Y. 1988), quoting *Allen v. Nat'l Video, Inc.*, 610 F. Supp. 612, 631 (S.D.N.Y. 1985); *see also Helen Whiting, Inc. v. Trojan Textile Corp.*, 307 N.Y. 360, 364-65, 121 N.E.2d 367, 370 (1954); *Joseph v. Atlantic Basin Iron Works*, 132 N.Y.S.2d 671, 673 (Sup. Ct. N.Y. Co. 1954), *aff'd*, 285 App. Div. 1147, 143 N.Y.S.2d 601 (1st Dept. 1955).

Defendant cites numerous cases relating to the intent of parties not to be bound until a written contract is fully executed. However, in each of these cases a final written contract was never signed by either the party against whom the contract was sought to be enforced, or in some circumstances, by either of the parties in question. Of the two cases cited by Defendant relating to jury waiver provisions, one case, *Jillcy Film Enterprises,*

5

*Inc. v. Home Box Office, Inc.*, 593 F. Supp. 515 (S.D.N.Y. 1984), does not appear to deal with that issue at all.  The other, *Duane Thomas LLC v. Wallin*, 35 A.D.3d 232, 826 N.Y.S.2d 221 (1st Dept. 2006), can clearly be distinguished in that it appears the lease was never executed by either party and the waiver extended only to summary landlord-tenant proceedings and not to the ejectment action at bar.

The Defendant also raises the issue of Actrade's failure to adhere to the clause in which the waiver is found.  All versions of the Supplier Agreement contain the following language in addition to the jury waiver:

> Should Actrade not elect to submit any dispute hereunder to arbitration, you [HLC] agree that any legal action or proceeding arising out of or relating to this Agreement or the relationship between us shall be instituted solely in the courts of the State of New York, within the City and County of New York, or in the United States of America for the Southern District of New York at New York City, New York and the parties hereby submit to the jurisdiction of each such court in any such action or proceeding.

Defendant argues that since Actrade first brought suit in a venue other than New York, it has in effect forfeited its right to enforce the jury waiver.  There is no question that the action against HLC was originally brought in Alabama.  However, no authority is cited in support of the proposition that Actrade thereby forfeited its right to rely on another part of the same clause.  Such a contention makes no sense here in view of the fact that HLC was successful in enforcing the venue provision against Actrade and in obtaining transfer of the case to New York.  This militates in favor of both the general enforceability of the contract and enforcement of the jury waiver provision.  *See Levy v. Carol Mgmt. Corp.*, 260 A.D.2d 27, 32, 698 N.Y.S.2d 226, 231 (1st Dept. 1999) (the "very acts of seeking to gain a benefit from the [contract at issue] at the very least constituted her ratification of its terms and of [defendant's] participation in it.").

6

Motion to Dismiss Landau

Plaintiff also moved to dismiss Landau as a defendant in this adversary proceeding, without prejudice. As this Court has previously stated on the record, Defendants are correct that the dismissal cannot be without prejudice. Landau has not waived his right to a trial by jury, and Plaintiff seeks to reserve its right to a jury trial against Landau if a non-jury trial against HLC is unsuccessful. Such relief would prejudice Landau, since he is the president of HLC and would be subject to multiple proceedings on the same or similar issues and the attendant costs of duplicative litigation. Such a result would also be contrary to the policy against the trial of the same or substantially the same non-jury issues prior to the trial of issues properly triable to a jury. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959). Arguably, a case could be restored against Landau is if it should be held that HLC is entitled to a jury trial. In that situation, since Plaintiff's motion to dismiss Landau is related to its desire for a prompt non-jury trial, it would seem appropriate to give Plaintiff an opportunity to bring Landau back into the case. Otherwise, if Plaintiff is unsuccessful in a non-jury trial against HLC, that will be the end of this litigation.

Conclusion

For the above reasons, the Plaintiff's motion to strike the jury demand is granted. As stated on the record at the hearing held on April 24, 2007, the motion to dismiss the claims against Emanuel Landau is granted, with prejudice, provided that if it should be determined that HLC is entitled to a jury trial, Plaintiff may seek to restore the claims against Landau. Trial against HLC shall commence on July 30, 2007.

    IT IS SO ORDERED.

Dated: New York, New York
       June 20, 2007

                        */s/ Allan L. Gropper*_____
                        UNITED STATES BANKRUPTCY JUDGE